IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KEITH, | No. 2:14-cv-1596-WBS-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| GARRETT WILLIAM, et al., | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 10).

As was previously explained, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the

plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff fails to state his claims with any more clarity than he did in his original complaint.  They remain vague and difficult to decipher.  In his original complaint, plaintiff named nine defendants, including law enforcement officers, medical personnel at Mule Creek State Prison, and his prior attorney.  In his amended complaint, he names new defendants, mostly medical personnel at Wasco State Prison and California Men's Colony.

Plaintiff continues to complains about general "institutional systemic oppression" and corruption of the health care system, but fails to allege actual specific facts as to what specifically has been done wrong. He also continues to allude to lack of treatment for a knee injury, but the limited facts alleged make this claim unclear.  Any other claim plaintiff is attempting to state is vague for the undersigned to interpret.

## II. DISCUSSION

Plaintiff was previously cautioned that his allegations are so vague and conclusory that the court is unable to determine whether the claims are frivolous, fanciful, or if the complaint fails to state a claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff was also informed that must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  His amended complaint fails to cure the defects outlined in the court's prior order and fails to comply with the requirements of Fed. R. Civ. P. 8(a)(2).

Plaintiff was informed as to what is required to state a claim under 42 U.S.C. § 1983. Plaintiff was told that he must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). In addition, any claims added in an amended complaint must have a reasonable relationship with the claims in the original complaint. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).

Plaintiff failed to follow the court's instructions as to what was required to state a claim. He also failed to file an amended complaint that meets the pleading standards required by Rule 8. As stated above, the Federal Rules of Civil Procedure requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000). Plaintiff's amended complaint fails to state his claims and supporting facts. In addition, plaintiff's amended complaint names additional and seemingly unrelated defendants and claims to those alleged in his amended complaint. Again, as plaintiff was previously admonished, the Federal Rules of Civil Procedure allow a party to assert "as many claims as it has against an opposing party," but does not provide for unrelated claims against several different defendants to be raised on the same action. Fed. R. Civ. Proc. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's amended complaint fails to cure this defect. Rather, the amended complaint compounds the defect in that he has attempted to add additional unrelated defendants, and

perhaps even additional unrelated claims.

### III.  CONCLUSION

Plaintiff was given specific and detailed information as to what was required in order to state a claim.  He has failed to follow the court's direction to cure the defects in his complaint.   It appears that plaintiff is either unable or unwilling to amend the complaint in which to state a claim. Thus, further leave to amend should be denied.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that plaintiff's amended complaint be dismissed for failure to state a claim, without further leave to amend, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED: August 9, 2016

                                                                           
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE